**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jerry Biddix, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 368 |
| CACH, LLC, a Colorado limited liability company, and Financial Recovery Services, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendants. | ) ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jerry Biddix, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, B) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Jerry Biddix ("Biddix"), is a citizen of the State of North Carolina, from whom Defendants attempted to collect a delinquent consumer debt owed on a CitiFinancial account.  These collection actions took place despite the fact that he had told the Defendants that he refused to pay the debt, and was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CACH operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CACH was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CACH is a bad debt buyer, which buys large portfolios of defaulted consumer debts for pennies on the dollar, that it then collects upon, at times through other collection agencies, such as Defendant Financial Recovery Services, and via thousands of collection lawsuits filed in courts throughout the State of Illinois.

6. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant FRS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Both Defendant CACH and Defendant FRS are licensed to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In

fact, both Defendants conduct business in Illinois and collect debts from thousands of Illinois consumers.

8. Both Defendant CACH and Defendant FRS are licensed as debt collection agencies in the State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>. In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Biddix is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a CitiFinancial account. At some point in time after that debt became delinquent, Defendant CACH bought Mr. Biddix's CitiFinancial debt. When Defendant CACH began trying to collect this debt from him, by having another collection agency, the Law Office of Richard Clark, PLLC, send him an initial collection letter, dated March 17, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit <u>C</u>.

10. Accordingly, on April 12, 2010, one of Mr. Biddix's attorneys at LASPD informed Defendant CACH, in writing, through its agent and attorney, the Law Office of Richard Clark, that Mr. Biddix was represented by counsel, and directed CACH to cease contacting him, and to cease all further collection activities because Mr. Biddix was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

11. Nonetheless, despite being advised that Mr. Biddix was represented by counsel and refused to pay the debt, Defendant CACH had Defendant FRS send Mr. Biddix collection letters, dated November 4, 2010 and December 6, 2010, which demanded payment of the CitiFinancial debt. Copies of these letters are attached as Group Exhibit E.

12. Accordingly, on December 29, 2010, Mr. Biddix's attorneys at LASPD had to inform Defendants again that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Biddix's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate

regarding this debt and demanding payment (Group Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Mr. Biddix was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant CACH, in writing (Exhibit D), through its agent, that Mr. Biddix was represented by counsel, and had demanded a cessation of communications with Mr. Biddix. By sending collection letters (Group Exhibit E) to Mr. Biddix, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Jerry Biddix, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Biddix, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jerry Biddix, demands trial by jury.

Jerry Biddix,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 18, 2011

David J. Philipps  (Ill. Bar No. 06196285)
Mary E. Philipps  (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com